# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

  v.                                    CIVIL ACTION No. 10-CV-11891

MATTHEW J. GAGNON,                HON. GEORGE CARAM STEEH

      Defendant.

_____/

## ORDER CONTINUING ASSET FREEZE AND OTHER ANCILLARY RELIEF AND SETTING TELEPHONIC HEARING

This cause comes before the Court on Plaintiff Securities and Exchange Commission's ("Commission") Motion for Preliminary Injunction, Asset Freeze and Other Ancillary Relief ("Motion") against Defendant Matthew J. Gagnon ("Gagnon"). The Court has considered the Commission's Complaint, Motion and Brief in Support, and the declarations, exhibits and other documents filed in connection therewith, and having been fully advised in the premises, finds:

    A.    That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

    B.    That the Commission has made a *prima facie* showing that the Defendant has engaged in acts, practices, and transactions which constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c)], Sections 17(a) and 17(b) of the Securities Act [15 U.S.C. §§ 77q(a) and (b)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

C. That there is good cause to believe that investor funds will be dissipated, concealed or transferred from the jurisdiction of this Court, assets which could be subject to an Order of Disgorgement. Accordingly, the Court hereby orders as follows:

## I.
## ORDER FREEZING ASSETS

**IT IS HEREBY ORDERED** that until otherwise ordered by this Court all funds, accounts, and other assets of the Defendant held in the name of the Defendant, and/or held for the Defendant's benefit or on his behalf, including through corporations, trusts, partnerships, agents, nominees, friends or relatives; and all other funds, accounts, and other assets to which proceeds from the Defendant's offerings can be traced or which were acquired with proceeds of the Defendant's offerings, are hereby frozen.

**IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this Court the Defendant and his officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are hereby restrained from, directly or indirectly:

A. transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating, incurring debt upon (such as credit card debt), or otherwise disposing of, or withdrawing, any funds, accounts, or other assets (including, but not limited to, real property, personal property, vehicles, boats, contents of safe deposit boxes, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans) owned by, controlled by, held for the benefit of, or in the possession of the Defendant,

including any and all accounts at any financial institution in the name of the Defendant, and any and all accounts at any financial institution in which the Defendant has signatory authority or a beneficial interest; and

  B. transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating or otherwise disposing of, in any manner, any funds, accounts, or other assets, to which proceeds from the Defendant's offerings can be traced or which were acquired with proceeds of the Defendant's offerings.

  **IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this Court that any bank, financial or brokerage institution or other person or entity holding any such funds, accounts or other assets in the name of, for the benefit of, or under the control of the Defendant, and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such finds or other assets, and shall notify counsel for the Commission of the existence, nature, and amount of any such funds or other assets.

  **IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this Court all investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:

  A. Commencing, prosecuting, continuing or enforcing any suit or proceeding against or affecting the Defendant or any assets frozen pursuant to this Order;

3

B. Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of the Defendant or any other assets frozen by this Order, wherever situated; and

C. Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with the defendants or otherwise affecting the Defendants, or any assets frozen by this Order.

**IT IS HEREBY FURTHER ORDERED** that if the Defendant wishes to borrow money from relatives or friends or to take advances against credit cards for the purpose of making mortgage payments, the parties shall attempt to negotiate a mutually acceptable modification of this asset freeze for the purpose of permitting such borrowings or advances. If the parties are unable to reach a mutually acceptable modification to this asset freeze, the Defendant may petition the Court for such a modification.

**IT IS HEREBY FURTHER ORDERED** that if the Defendant obtains employment, the parties shall attempt to negotiate a mutually acceptable modification of this asset freeze for the purpose of permitting the Defendant to receive his income from such employment into a bank account and to disburse from that bank account amounts reasonably necessary for living expenses, including mortgage payments and court-ordered child and spousal support payments. If the parties are unable to reach a mutually acceptable modification to this asset freeze, the Defendant may petition the Court for such a modification.

**IT IS HEREBY FURTHER ORDERED** that notwithstanding any other provision of this Order, Defendant may withdraw $2,000 from the Bank of America account of Mazu

Publishing Company (account number *****0503) between the date of this Order and August 5, 2010 to pay living expenses. Plaintiff shall separately notify Bank of America of the full account number of this account.

Provided, however, that the foregoing restrictions shall not apply to any actions of the Receiver appointed in the case of <u>SEC v. McKnight, et al.</u>, 2:08-cv-11887-GCS-VMM (E.D. Mich.).

## II.

## ACCOUNTING

**IT IS HEREBY FURTHER ORDERED** that the Defendant shall, on each Friday subsequent to the date of this Order, serve on counsel for the Commission a sworn statement of all funds received by the Defendant or by others on his behalf, including, but not limited to, all receipts and expenditures by Jenny E. Poarch, Jenny E. Poarch's children, the Defendant's children, Mazu Publishing Company, RGV Funding, Azul Holdings LLC, or any other company controlled by the Defendant or Jenny E. Poarch, during the seven (7) days preceding said sworn statement.

## III.

## RECORDS PRESERVATION

**IT IS HEREBY FURTHER ORDERED** that the Defendant, his officers, agents, servants, employees, attorneys, nominees, banks, brokers, dealers, financial institutions, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any

5

of the books, records, documents, correspondence, ledgers, accounts, statements, files, electronically stored information, and other property of or pertaining to the Defendant or any matters described in the Complaint filed by the Commission in this action, wherever located, until further order of this Court.

## IV.
## EXPEDITED DISCOVERY

**IT IS HEREBY FURTHER ORDERED** that:

A. Immediately upon entry of this Order, the parties are granted leave to take depositions upon oral examination of parties and non-parties subject to two (2) business days notice. The parties may appear for a properly noticed deposition by telephone. If either party appears for a properly noticed deposition via telephone, both parties shall produce to the other party prior to the deposition all documents and exhibits they reasonably expect to present to a witness. For depositions scheduled to begin in the morning, such documents shall be provided to the other party by no later than 5 p.m. local time of the receiving party the day before the deposition. For depositions scheduled to begin in the afternoon, such documents shall be provided to the other party by no later than 9 a.m. local time of the receiving party on the day of the deposition. Should the Defendant fail to appear for a properly noticed deposition, he may be prohibited from introducing evidence in any hearing in this action;

B. Immediately upon entry of this Order, the parties shall be entitled to serve subpoenas, including subpoenas to third parties, pursuant to Rule 45 for the production of documents, and such subpoenas shall be returnable 14 days after service;

## V.
## PLEADINGS AND WITNESSES FOR PRELIMINARY INJUNCTION HEARING

**IT IS HEREBY FURTHER ORDERED** that:

A. If any party to this action intends to present the testimony of any witness at any hearing on a preliminary injunction in this matter, that such party shall, at least three (3) calendar days prior to the scheduled date and time of hearing, serve on counsel for the other party a statement of the name, address, telephone number of any such witness, and either a summary of the witness's expected testimony, or the witness's affidavit or declaration revealing the substance of such witness' expected testimony;

B. The Defendant shall serve any answering affidavits, pleadings or legal memoranda on counsel for the Commission not less than three (3) calendar days prior to any preliminary injunction hearing.

## VI.
## SERVICE AND NOTICE

**IT IS HEREBY FURTHER ORDERED** that service of this Order, any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to facsimile, email, overnight courier, personal delivery, or U.S. mail.

## VII.
## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS HEREBY FURTHER ORDERED** that nothing in this Order shall be construed to require that the Defendant abandon or waive any constitutional or other legal privilege which he may have available to him.

## VIII.
## TELEPHONIC HEARING DATE

**IT IS HEREBY FURTHER ORDERED** that the Court shall hold a telephonic hearing 2:45 p.m. EDT on August 5, 2010.

**SO ORDERED:**

Dated: July 23, 2010

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 23, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---