# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

   v.

MATTHEW J. GAGNON,

        Defendant.
_____/

CIVIL ACTION NO. 10-11891

HON. GEORGE C. STEEH

## STIPULATION AND ORDER OF PRELIMINARY INJUNCTION [4]

    The parties, by their undersigned attorneys, stipulate to the proposed Order of Preliminary Injunction.

Dated: August 6, 2010

| | |
|---|---|
| s/ JOHN E. BIRKENHEIER | s/with consent of ANTHONY J. DEGIDIO |
| John E. Birkenheier | Anthony J. DeGidio |
| Attorney for Plaintiff | Attorney for Defendant |
| Securities and Exchange Commission | 712 Farrer Street |
| 175 W. Jackson Blvd. Ste 900 | Maumee, OH 43537 |
| Chicago, IL 60604 | Telephone: 419-509-1878 |
| Telephone: 312-353-7390 | Fax: 419-740-2556 |
| Fax: 312-353-7398 | Tony@cyberlawyer.com |
| Birkenheierj@sec.gov | |

Local Counsel
s/with consent of MICHAEL J. RIORDAN
Michael J. Riordan
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Telephone: 313- 226-9100
Fax: 313-226-2311

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

    **Plaintiff,**

    v.

**MATTHEW J. GAGNON,**

    **Defendant.**

_____/

**CIVIL ACTION No. 10-CV-11891**

**HON. GEORGE CARAM STEEH**

## ORDER OF PRELIMINARY INJUNCTION

Plaintiff Securities and Exchange Commission ("Commission"), having filed a Complaint, and Defendant Matthew J. Gagnon ("Gagnon"), having acknowledged receipt of the Complaint and admitted the personal jurisdiction of the Court over him, and the subject matter thereof, the Commission and Gagnon having waived the entry of Findings of Fact and Conclusions of Law as provided by Rule 52 of the Federal Rules of Civil Procedure, and Gagnon, without admitting or denying the allegations of the Complaint except as to jurisdiction, and without a hearing, argument, or adjudication of any issue of fact or law, having consented to the entry of this Order, the Court, having jurisdiction over the parties and the subject matter, and being fully advised in the premises, orders that until further order of this Court:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise are preliminarily enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are preliminarily restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are preliminarily restrained and enjoined from violating Section 17(b) of the Securities Act [15 U.S.C. § 77q(b)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are preliminarily restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are preliminarily restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] while acting as a broker or dealer, to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, banker's acceptances, or commercial bills) unless such broker or dealer is registered with the Commission in accordance with Section 15(a)(2) of the Exchange Act.

## VI.

## **ORDER FREEZING ASSETS**

**IT IS HEREBY ORDERED** that until otherwise ordered by this Court all funds, accounts, and other assets of the Defendant held in the name of the Defendant, and/or held for the Defendant's benefit or on his behalf, including through corporations, trusts, partnerships, agents, nominees, friends or relatives; and all other funds, accounts, and other assets to which proceeds from the Defendant's offerings can be traced or which were acquired with proceeds of the Defendant's offerings, are hereby frozen.

**IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this Court the Defendant and his officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are hereby restrained from, directly or indirectly:

A. transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating, incurring debt upon (such as credit card debt), or otherwise disposing of, or withdrawing, any funds, accounts, or other assets (including, but not limited to, real property, personal property, vehicles, boats, contents of safe deposit boxes, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans) owned by, controlled by, held for the benefit of, or in the possession of the Defendant, including any and all accounts at any financial institution in the name of the Defendant, and any

and all accounts at any financial institution in which the Defendant has signatory authority or a beneficial interest; and

B. transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating or otherwise disposing of, in any manner, any funds, accounts, or other assets, to which proceeds from the Defendant's offerings can be traced or which were acquired with proceeds of the Defendant's offerings.

**IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this Court that any bank, financial or brokerage institution or other person or entity holding any such funds, accounts or other assets in the name of, for the benefit of, or under the control of the Defendant, and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such finds or other assets, and shall notify counsel for the Commission of the existence, nature, and amount of any such funds or other assets.

**IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this Court all investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:

A. Commencing, prosecuting, continuing or enforcing any suit or proceeding against or affecting the Defendant or any assets frozen pursuant to this Order;

B. Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of the Defendant or any other assets frozen by this Order, wherever situated; and

C. Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with the defendants or otherwise affecting the Defendants, or any assets frozen by this Order.

**IT IS HEREBY FURTHER ORDERED** that Bank of America account number *****0503 in the name of Mazu Publishing Company ("Designated Account") will not be frozen. Upon entry of this Order, Commission counsel will provide Bank of America a copy of this Order and the full account number of the Designated Account. Bank of America will immediately remove the asset freeze on only the Designated Account. Only the Defendant and his wife Jenny Gagnon (a/k/a Jenny Poarch) may effect deposits, withdrawals, or other disbursements of money into or out of the Designated Account.

**IT IS HEREBY FURTHER ORDERED** that the Defendant and Jenny Gagnon may make disbursements from the Designated Account only for the following categories:

1. **Living Expenses**

Disbursements for living expenses not to exceed $6,000 per month.

If in any month Defendant or Jenny Gagnon disburses for living expenses less than the $6,000 permitted for monthly living expenses herein, Defendant shall notify the Commission in writing of the amount not withdrawn in the last weekly account required by

8

Section VII herein for any such month. Defendant and Jenny Gagnon may then disburse for living expenses the cumulative total of such amounts not withdrawn.

**2. Spousal Support**

Disbursements for spousal support payments to Gagnon's former wife, Karen Jo Gagnon, in accordance with the General Judgment of Dissolution of Marriage entered on March 31, 2005 in *In the Matter of the Marriage of Matthew John Gagnon and Karen Jo Gagnon*, C050485DRB (Circuit Court of Oregon, Washington County) ("*Gagnon and Gagnon*"), not to exceed $6,000 per month through December 31, 2010, and not to exceed $3,000 per month from January 1, 2011 through December 31, 2011.

**3. Spousal Support**

Disbursements for monthly spousal support payments to Gagnon's former wife, Karen Jo Gagnon, in accordance with the Supplemental Judgment Modifying Child Support, Denying Modification of Spousal Support entered on June 16, 2010 in *Gagnon and Gagnon*, not to exceed the amounts set forth in the following schedule:

| | |
|---|---|
| July 1, 2010 | $2,000 |
| August 1, 2010 | $2,000 |
| September 1, 2010 | $3,000 |
| October 1, 2010 | $3,000 |
| November 1, 2010 | $3,000 |
| December 1, 2010 | $3,000 |
| January 1, 2011 | $3,500 |

February 1, 2011   $3,500

March 1, 2011   $3,500

April 1, 2011   $4,000

May 1, 2011   $4,000

June 1, 2011   $4,000

July 1, 2011   $4,500

August 1, 2011   $4,500

September 1, 2011   $4,500

October 1, 2011   $5,000

November 1, 2011   $5,000

December 1, 2011   $5,000

4. **Child Support**

Disbursements for child support payments to Gagnon's former wife, Karen Jo Gagnon, in accordance with the Supplemental Judgment Modifying Child Support, Denying Modification of Spousal Support entered on June 16, 2010 in *Gagnon and Gagnon*, not to exceed the amounts set forth in the following schedule.

July 1, 2010   $375

August 1, 2010   $375

September 1, 2010   $163

October 1, 2010   $163

November 1, 2010 $163

December 1, 2010 $163

January 1, 2011 $57

February 1, 2011 $57

March 1, 2011 $57

5. **Attorney Fees and Expenses**

Disbursements for reasonable attorney fees and expenses in defense of this action. Such fees and expenses shall be at reasonable rates and in amounts commensurate with the services performed by Defendant's attorney and shall be subject to the approval of the Court. Defendant's attorney shall apply to the Court for such fees and expenses monthly. The Commission shall have the opportunity to review and, at its sole discretion, object to any application of Defendant's attorney for fees and expenses.

**IT IS HEREBY FURTHER ORDERED** that the parties shall attempt to negotiate a mutually acceptable modification of this asset freeze such that deposits may be made into the Designated Account by Defendant or Jenny Gagnon from advances on credit cards, income from employment, or loans. Such modification shall contain provisions providing the Commission reasonable opportunity to determine the sources of any and all funds received into the Designated Account, including discovery from Defendant and non-parties pursuant to the Federal Rules of Civil Procedure, without regard to the timing limitation of Fed. R. Civ. P. 26(d)(1).

**IT IS HEREBY FURTHER ORDERED** that the parties shall attempt to negotiate a

mutually acceptable modification of this asset freeze (1) such that deposits may be made into the Designated Account by Defendant from (a) loans obtained by Defendant for the purpose of starting a new business producing and selling video instructions on marketing, or for the purpose of selling any other product or service; and (b) receipts from the sales of such video products, other products, or service; and (2) such that disbursements may be made by Defendant from the Designated Account (a) for the purposes set forth above (subject to the limitations set forth above) and (b) to pay reasonable expenses associated with Defendant's sale of such video products, other products, or services. Such modification shall contain provisions (1) providing the Commission a reasonable opportunity to review Defendant's business plan for his new proposed business; (2) providing the Commission a reasonable opportunity to review all video products or other products produced by or for Defendant before any such product is offered or sold to the public; (3) providing the Commission a reasonable opportunity to review all advertising and/or promotional material relating to video or other products produced by or for Defendant before any such advertising and/or promotional material is disseminated to the public; and (4) providing the Commission reasonable opportunity to determine the sources of any and all funds received into the Designated Account in connection with the Defendant's business of producing and selling video instructions on marketing or other products or services, including loan proceeds and sales receipts. Such modifications shall provide the Commission with the option of obtaining discovery from Defendant and non-parties pursuant to the Federal Rules of Civil Procedure, without regard to the timing limitation of Fed. R. Civ. P. 26(d)(1).

**IT IS HEREBY FURTHER ORDERED** that the Defendant shall, immediately upon entry of this Order, arrange with the financial institution holding the Designated Account to have

duplicate monthly statements of the Designated Account automatically sent every month to:

> James G. O'Keefe
> Staff Attorney
> U.S. Securities and Exchange Commission
> 175 W. Jackson Boulevard, Suite 900
> Chicago, Illinois 60604
> okeefej@sec.gov

**IT IS HEREBY FURTHER ORDERED** that the Defendant or Jenny Gagnon shall, immediately upon entry of this Order, arrange with JPMorgan Chase to have duplicate monthly statements of account number *****2711 automatically sent every month to:

> James G. O'Keefe
> Staff Attorney
> U.S. Securities and Exchange Commission
> 175 W. Jackson Boulevard, Suite 900
> Chicago, Illinois 60604
> okeefej@sec.gov

**PROVIDED, HOWEVER**, that the foregoing provisions shall not apply to any actions of the Receiver appointed in the case of <u>SEC v. McKnight, et al.</u>, 2:08-cv-11887-GCS-VMM (E.D. Mich.).

## VII.

## ACCOUNTING

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant shall, on each Friday subsequent to the date of this Order, serve on counsel for the Commission a sworn statement of all funds received and expended by the Defendant or by others

on his behalf, including, but not limited to, all receipts and expenditures by Jenny E. Gagnon (a/k/a Jenny E. Poarch), Jenny E. Gagnon's minor children, the Defendant's minor children, Mazu Publishing Company, RGV Funding LLC, Azul Holdings LLC, or any other company controlled by the Defendant or Jenny E. Gagnon, during the seven (7) days preceding said sworn statement.

## VIII.

## RECORDS PRESERVATION

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant, his officers, agents, servants, employees, attorneys, nominees, banks, brokers, dealers, financial institutions, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, statements, files, electronically stored information, and other property of or pertaining to the Defendant or any matters described in the Complaint filed by the Commission in this action, wherever located, until further order of this Court.

## IX.

## SERVICE AND NOTICE

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that service of this Order, any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to facsimile, email, overnight courier,

personal delivery, or U.S. mail.

## X.

## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS HEREBY FURTHER ORDERED**, **ADJUDGED, AND DECREED** that nothing in this Order shall be construed to require that the Defendant abandon or waive any constitutional or other legal privilege which he may have available to him.

## XI.

## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order and finally resolving all remaining issues as to the Defendant.

**SO ORDERED.**


DATED: August 6, 2010        s/George Caram Steeh
                             HONORABLE GEORGE CARAM STEEH
                             UNITED STATES DISTRICT JUDGE